UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TYRELL DANIELS,

    Plaintiff,

v.                                                       Case No. 5:19-cv-294-TKW/MJF

BLACKMON, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned by the clerk of the court upon Plaintiff's failure to comply with the undersigned's order to show cause. For the reason set forth below, the undersigned recommends that this action be dismissed for failure to comply with two court orders.[1]

**I.    Background**

Plaintiff commenced this civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971). Plaintiff named six Defendants that worked at FCI Marianna including: (1) Warden Blackmon; (2) Doe #1, a health service administrator; (3) Doe

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

#2, a clinical director; (4) Doe # 3, a captain who worked first shift; (5) Doe #4, a captain who worked second shift; and (6) Doe # 5, a captain who worked third shift. Plaintiff alleges that after Hurricane Michael prison conditions violated the Eighth Amendment and Defendants denied Plaintiff proper medical treatment.

Pursuant to 28 U.S.C. §1915A(a)-(b), the undersigned screened Plaintiff's complaint to determine if the complaint was "(1) frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted; or (2) [sought] monetary relief from a defendant who is immune from such relief." (Doc. 9). On October 29, 2019, upon review of the complaint, the undersigned noted several deficiencies and directed Plaintiff to either file an amended complaint or a notice of voluntary dismissal. (*Id.*). The undersigned imposed a thirty-day deadline to comply.

When the court-imposed deadline had elapsed and Plaintiff failed to comply, the undersigned issued an order to show cause. (Doc. 12). The undersigned directed Plaintiff to explain why he failed to comply with the undersigned's order to amend his complaint. The undersigned imposed a deadline of January 6, 2020, to comply. (*Id.*). As of the date of this Report and Recommendation, Plaintiff has neither filed an amended complaint nor explained why he failed to do so.

## II.   Discussion

It is a "basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458, 95 S. Ct. 584, 591

(1975). "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with a court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) (noting that disobeying a court order "constitutes extreme misconduct" which may warrant dismissal of an action); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has

"long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On October 29, 2019, the undersigned ordered Plaintiff to amend his complaint or file a notice of voluntary dismissal. The undersigned provided Plaintiff approximately thirty days to comply. Thus, Plaintiff has failed to comply with that order since approximately November 28, 2019.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on October 29, 2019; and

    b.    the order issued on December 16, 2019.

 **(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 9, 12). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Insofar as he is already incarcerated, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff to comply with any

future orders that this court may issue. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with two court orders.

2. The clerk of the court be directed to close the case file.

**SO ORDERED** this 21st day of January, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.